[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT AGENCY'S MOTION TO DISMISS #108
The plaintiff, Matthew M. Rubin, Trustee, appeals from a CT Page 7405 decision of the defendant, the Conservation Commission/Inland Wetland Agency, granting an application of the defendant, Konover Development Corporation. Konover's application sought the agency's approval to conduct certain regulated activities on a 21-acre parcel of property located in Watertown, Connecticut. Defendant Conservation Commission/of the Town of Watertown filed a motion to dismiss claiming that the court lack subject matter jurisdiction.
On February 7, 1997, Rubin commenced this appeal by service of process on the Watertown town clerk, the Konover Development Corporation, the commissioner of Connecticut's Department of Environmental Protection, and, on February 8, 1997, by service on the chairman of the Watertown Conservation Commission/Inland Wetland Agency (agency).
Rubin alleges that he is the record owner of certain real property in Watertown, Connecticut; (Appeal, Count One, ¶ 1); and that he is entitled to appeal in accordance with General Statutes § 22a-19. (Appeal, Count One, ¶ 27). Rubin also alleges that Konover's application, requesting approval for a supermarket, "seeks approval of modifications to a permit to conduct regulated activities approved by the [a]gency on March 9, 1995. . . ." (Appeal, ¶ 6). He further alleges that he is aggrieved by the agency's actions because he "has filed a Verified Notice of Intervention pursuant to General Statutes § 22a-19," and because Konover's proposed storm water drainage system "will unreasonably pollute, impair or destroy the public trust in the wetlands receiving the storm water drainage, when there is a feasible and prudent alternative available." (Appeal, Count Two, ¶ 26). Rubin alleges that the agency's actions are arbitrary, illegal and in abuse of its discretion for various, enumerated reasons. (Appeal, Count Two, ¶ 27(a)-(f)).
On December 10, 1997, the agency filed a motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction over this matter because Rubin does not have a right to appeal pursuant to General Statutes § 22a-19. The agency contends that Rubin's appeal is untimely because he did not file it within fifteen days of the original decision, dated March 9, 1995, and, because he failed to appeal the original application, this appeal is limited to the modifications to the original permit, which the agency considered in January of 1997. The agency further maintains that the court lacks jurisdiction over Rubin's appeal of the modifications because he fails to assert CT Page 7406 statutory authority, other than General Statutes § 22a-19, to support his right to appeal, and § 22a-19 only allows intervention in an existing action, it does not provide an independent right of appeal. In addition, the agency claims that § 22a-19 may not be used to assert non-environmental issues, and, finally, that Rubin failed to avail himself of the alternative remedy afforded by General Statutes § 22a-16.
Rubin counters that he has timely appealed the agency's decision with respect to the present application, and that §22a-19 affords him the right to appeal. He further contends that all of his claims are related to the environment, and that he is not required to avail himself of the alternative remedy of a declaratory judgment action.
In addition, the commissioner of the environmental protection agency opposes the agency's motion to dismiss. The commissioner maintains that omitting the statutory reference to the appropriate appeals statute, General Statutes § 22a-43, does not deprive the court of subject matter jurisdiction. The commissioner also contends that Rubin has standing pursuant to § 22a-19 to maintain an appeal for the purpose of raising environmental issues.
General Statutes § 22a-19(a) provides, in part, "In any administrative, licensing or other proceeding, and in anyjudicial review thereof made available by law . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." (Emphasis provided.) Id.
Mystic Marinelife Aquarium, Inc. v. Gill, supra, does not expressly decide the issue of whether General Statutes §22a-19 provides an independent right of appeal. The Supreme Court, however, did uphold Mystic's § 22a-19 claim. That it had the right to appeal but limited that right to the raising of environmental issues only.
In Red Hill Coalition, Inc. v. Conservation Commission,212 Conn. 710, 563 A.2d 1339 (1989), another case addressing §22a-19, the plaintiffs were Red Hill Coalition, a nonprofit CT Page 7407 corporation, Fitzgerald, a coalition member and abutting landowner to the proposed subdivision, and Steffens, coalition president and resident of the local town. The Supreme Court observed that "[b]y permitting intervention under § 22a-19(a), the EPA allows private persons to intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action. . . . An intervening party under § 22a-19(a), however, may raise only environmental issues. . . ." (Citations omitted; internal quotation marks omitted.) Id., 715. It emphasized that due to the coalition's intervention at the commission hearing pursuant to § 22a-19, "it doubtless had statutory standing to appeal from the commission's decision for that limited purpose." Id. The court, disagreeing with the commission's argument that Fitzgerald and Steffens lacked § 22a-19 standing because they failed to intervene before the commission, stated that Fitzgerald and Steffens had satisfied that statute "by joining the coalition'sappeal to the Superior Court."[1] (Emphasis provided.) Id., 716.
Finally, in Gardiner v. Conservation Commission,222 Conn. 98, 608 A.2d 672 (1992), the Supreme Court reviewed consolidated appeals. In the first appeal, Gardiner v. ConservationCommission, the court found that Gardiner was aggrieved pursuant to § 22a-43 because he owned land adjoining the proposed development. Id., 100. The second appeal, Fromer v. ReynoldsMetals Development Company, was brought by an individual who had intervened in the commission's proceedings pursuant to §22a-19. Id., 107. Again, the court did not expressly address the issue of whether Fromer had a right in the first instance to initiate an appeal based solely upon § 22a-19; however, it did entertain his appeal on the merits.
The court denies the agency's motion to dismiss and allows Rubin's appeal for the purpose of raising environmental issues only.
KULAWIZ, J.